UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 30, 2018

LETTER TO COUNSEL

RE: *Andrea Lorvetta Kyle v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1419

Dear Counsel:

On May 23, 2017, Plaintiff Andrea Lorvetta Kyle petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits ("DIB"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Ms. Kyle's reply. [ECF Nos. 16, 17, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision in part, and remand the case to the SSA for further consideration. This letter explains my rationale.

Ms. Kyle filed a claim for DIB on April 2, 2013, alleging a disability onset date of April 26, 2012. (Tr. 153-54). Her claim was denied initially and on reconsideration. (Tr. 69-95). A hearing was held on December 8, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 30-68). Following the hearing, the ALJ determined that Ms. Kyle was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-29). The Appeals Council denied Ms. Kyle's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Kyle suffered from the severe impairments of "Systemic Lupus Erythematosus, migraine, and obesity." (Tr. 18). Despite these impairments, the ALJ determined that Ms. Kyle retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a). She could never climb ladders, ropes, or scaffolds but could perform the remaining postural activities not more than occasionally. She was limited to work performed indoors to avoid exposure to sunlight. She should have been exposed to not more than a moderate noise intensity level as the term "moderate" is defined in the SCO. She

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> should have had no work near hazards such as unprotected heights or moving machinery and not have more than occasional exposure to extreme cold.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Kyle could perform her past relevant work as a regional team assistant and telephone solicitor and that, therefore, she was not disabled. (Tr. 24-25).

Ms. Kyle raises two primary arguments on appeal: (1) that the ALJ did not provide an adequate analysis of Listing 14.02 at step three; and (2) that the ALJ erred by not finding her chronic fatigue syndrome ("CFS") to be a severe impairment at step two. I concur that the ALJ's analysis is lacking, and that remand is warranted. In remanding the case for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Kyle is not entitled to benefits is correct.

Beginning with the ALJ's Listing 14.02 analysis, the ALJ found the following:

> Listing 14.02.was [sic] considered. The possibility of obesity increasing the severity of coexisting or related impairments to the extent that the combination of impairments met the requirements of a listing was also considered in accordance with Social Security Ruling 02-1p. The medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.

(Tr. 20). In *Fox v. Colvin*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's determination of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation. 632 F. App'x 750 (4th Cir. 2015). The ALJ in *Fox* stated:

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

*Id.* at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to the disability listing and "offered nothing to reveal *why* he was making his decision." *Id.* The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the

claimant did not meet a listing. *Id.* Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The *Fox* Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.*

In the instant case, the ALJ's analysis is almost identical to that found lacking in *Fox*. SSA concedes that the "ALJ's explanation was cursory," but argues (1) that the ALJ's opinion as a whole contains substantial evidence to support the finding, and (2) that the error is harmless because the record cannot support a finding that Ms. Kyle's condition met or equaled Listing 14.02. Def. Mot. 5.

However, the ALJ's opinion does not, at any point, contain an assessment of the criteria set forth in Listing 14.02. That listing requires an analysis of whether Ms. Kyle's Systemic Lupus Erythematosus involves "two or more organs/body systems" with one "involved to at least a moderate level of severity" and "[a]t least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.02. The ALJ did not address those criteria anywhere in the opinion, despite some discussion of Ms. Kyle's fatigue and renal involvement. Fourth Circuit precedent does not permit this Court to engage in a broad review of the record evidence in the first instance. The *Fox* Court found fault in the ALJ's analysis because he did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment." 632 F. App'x at 755. Thus, regardless of whether there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings regarding Ms. Kyle's severe impairments. Furthermore, that duty would not be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing. *See Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02."); *but see Fox*, 632 F. App'x at 755 ("Nor was there any 'specific application of the pertinent legal requirements to the record evidence.' As a result, the ALJ's findings lack the 'necessary predicate' for us to engage in review.") (citations omitted). Here, as in *Fox*, the ALJ failed to apply the requirements of relevant listings to the medical evidence at any point in the decision. Moreover, *Fox* and its progeny seem to preclude a "harmless error" analysis by prohibiting a *de novo* review of the record to see whether evidence supporting a listing is contained therein. Accordingly, remand is warranted.

Second, Ms. Kyle correctly notes that the ALJ did not make a finding as to whether her CFS constituted a severe impairment, despite the diagnosis being evident throughout her record. *See, e.g.*, (Tr. 498, 499, 501, 502, 504). Although, arguably, Ms. Kyle's fatigue symptoms were adequately considered as to her other diagnoses, because the case is being remanded on other grounds, on remand, the ALJ should consider the CFS diagnosis at step two, and should determine whether it is severe. If appropriate, the ALJ should also follow the dictates of SSR 14-1p, which governs an ALJ's evaluation of a claimant with CFS.

For the reasons set forth herein, Ms. Kyle's Motion for Summary Judgment [ECF No. 16] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 17] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge